09-21673.ok

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21673-CIV-MARTINEZ-BROWN

OMAR G. RODRIGUEZ DIAZ,

    Plaintiff,

vs.

IVAN SERRANO, et al.,

    Defendants.
_____/

### ORDER DENYING MOTION FOR SANCTIONS

This cause is before the Court on the Plaintiff's Rule 11, Fed.R.Civ.Pro. Motion for Sanctions - Seavey and Defendants Police Officers (DE 83). The Court has reviewed the Motion, the Response, the Reply and the file.

Plaintiff fails to include a memorandum of law citing legal authority in support of his motion, which is in violation of Local Rule 7.1A and is a basis for denial of the motion. As to the grounds raised in the motion, Plaintiff bases his request for sanctions on three Motions to Quash Service, which Plaintiff maintains were filed "to cause unnecessary delay, and needlessly increase the cost of litigation." Mot. p. 1. Plaintiff alleges that attorney Seavey is "coaching" the Defendants to avoid service and that Defendants "are playing hide and seek to avoid being served." Mot. p. 1.

The original Motion to Quash (DE 27), which was granted by this Court (DE 65), was based on the moving Defendants' sworn declarations that despite contrary statements allegedly made by third parties to process servers, they had not authorized anyone to accept service on their behalf. It is Plaintiff's burden to show proper service of the operative complaint. See Martin v. Salvatierra, 233 F.R.D. 630, 631 (S. D. Fla. 2005). These are legitimate grounds to challenge service, and

Plaintiff has presented no non-hearsay evidence that the Defendants' statements concerning the lack of authorization was false, or if so, that counsel was aware of such. Accordingly, there is no basis for this Court to find that this Motion to Quash was filed in violation of Fed.R.Civ.P. 11.

On September 1, 2009, Defendants Parker, Tobin, Gomez, Ferrell, Meyer and Vasquez, through counsel, filed a Motion to Quash (DE 63), which, as to Defendants Gomez, Ferrell, Meyer and Vasquez, argued that they did not authorize anyone to accept service on their behalf. The motion also raised the issue that the to the extent any service was made, it was of the already dismissed original complaint, rather than the First Amended Complaint. Again, these are legitimate grounds for a motion to quash, and Plaintiff has presented no evidence of falsity.[1]

On September 10, 2009, Defendant Parker, through counsel, filed a Motion to Quash (DE 78). Defendant presents a return of service with respect to Defendant Parker which states that on August 21, 2009 process server T. Ochmanski "served Nicole F. Dixon, Police Legal Advisor authorized to accept service for Director Robert Parker." (DE 106, Ex. III). This Motion to Quash also raised the argument that Defendant Parker was not properly served because the process server attempted to serve the original complaint, which had been dismissed, rather than the First Amended Complaint. The Court again does not find that this motion was filed for dilatory purposes or in order to needlessly increase the cost of litigation.

In his pleadings, Plaintiff has recited various difficulties he has had with the service of

---

[1] Defendant attaches to his Reply (labeled "Response") a return of service with respect to Defendant Meyer, which states that on August 31, 2009 (two week subsequent to the Motion for Sanctions), process server R. Montoya "positively identified Lt. Joseph Meyer ... He refused to accept summons and said he would be right back. I waited ten minutes for him but he did not come back. I then dropped the summons on his desk." (DE 106, Ex. I). In the subsequently filed Motion to Quash which was addressed to that return, dated September 21, 2009 (DE 97), Defendant Meyer, through counsel, did not make the argument that Defendant Meyer was not served, but rather again raised the point that Defendant was served with the original complaint, rather than the First Amended Complaint, and that Defendant Meyer is not even named as a Defendant in the First Amended Complaint.

process in this case. However, Defendants are entitled to service which complies with the Federal Rules of Civil Procedure, and if alleged errors were made by the process servers, as Plaintiff suggests, Defendants cannot be held accountable for these errors.

For the foregoing reasons, and the Court being otherwise fully advised, it is **ORDERED AND ADJUDGED** that the Motion is hereby **DENIED** in its entirety.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of October, 2009.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
pro se parties and counsel of record